AO 245B    (Rev. 09/08) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT
### Eastern District of New York

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| THEOHARIS TOUMAZATOS | Case Number: 10-CR-0043-01 (RRM) |
| | USM Number: 77680-053 |
| | Richard D. Borzouye, Esq. |
| | Defendant's Attorney |

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 3 0 2010 ★
BROOKLYN OFFICE

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  One (1) of the Information

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1341(C) | Mail Fraud | 10/30/2009 | One |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/28/2010
Date of Imposition of Judgment

s/ Roslynn R. Mauskoff
Signature of Judge

Roslynn R. Masukopf      U.S.D.J.
Name of Judge      Title of Judge

Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: THEOHARIS TOUMAZATOS
CASE NUMBER: 10-CR-0043-01 (RRM)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Forty Four (44) months.

☐ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant receive intensive alcohol and drug abuse treatment in a program such as RDAP.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:
  ☑ ~~at~~ by  05:00   ☐ a.m.  ☑ p.m.  on  10/4/2010  .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on  _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: THEOHARIS TOUMAZATOS
CASE NUMBER: 10-CR-0043-01 (RRM)

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Three (3) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: THEOHARIS TOUMAZATOS
CASE NUMBER: 10-CR-0043-01 (RRM)

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not carry, possess a firearm, ammunition or destructive device.

2) The defendant shall comply with the Order of Restitution.

3) Defendant shall provide full and continuing financial disclosure to the Department of Probation while on supervised release, Defendant shall also advise Probation of any change in his financial circumstances that may affect his ability to meet restitution obligations.

4) The defendant shall be evaluated for and participate in an outpatient and /or inpatient drug treatment or detoxification program, at the discretion of and as approved by the Probation Department. The defendant shall contribute to the costs of such treatment/detoxification not to exceed an amount determined reasonable by Probation Department's scale for substance abuse treatment services. Defendant shall cooperate in securing any applicable third party payment, such as insurance,Medicaid or Medicare. The defendant shall not consume any alcohol or other intoxicants during and after treatment and detoxification, unless granted a prescription by a licensed physician and proof of the same is provided to the Probation Department. The Defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

5) Defendant is to refrain from engaging in any employment where he has access to bank accounts and/or payroll records. Defendant must assist the Probation Department in verifying the job description of any employment he secures while under supervision.

DEFENDANT: THEOHARIS TOUMAZATOS
CASE NUMBER: 10-CR-0043-01 (RRM)

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine   | Restitution    |
|--------|------------|--------|----------------|
| TOTALS | $ 100.00   | $ 0.00 | $ 1,534,097.16 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Intercept Interactive, Inc. a/b/a/ Undertone Networks (See Attached) | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 6 of 6

DEFENDANT: THEOHARIS TOUMAZATOS
CASE NUMBER: 10-CR-0043-01 (RRM)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 1,534,097.16 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    1. Restitution is to be made payable to the Clerk of the Court, and is due immediately.
    2. Additional restitution will be determined within 90 days.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    See Attached Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

F.# 2009R02192

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

      - against -

THEOHARIS TOUMAZATOS,
    also known as "Harry Toumazatos,"

            Defendant.

- - - - - - - - - - - - - - - - - X

AMENDED PRELIMINARY
ORDER OF FORFEITURE

10-CR-0043 (RRM)

        WHEREAS, in the above-captioned Information, filed on or about February 19, 2010, the United States of America sought forfeiture of certain property of the defendant THEOHARIS TOUMAZATOS, (the "Defendant") pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and 21 U.S.C. § 853(p), as property which constitutes or is derived from proceeds the Defendant obtained, directly or indirectly, as result of his violation of 18 U.S.C. § 1341 and/or as substitute assets pursuant to 21 U.S.C. § 853(p); and

        WHEREAS, on February 19, 2010, the Defendant waived indictment and pleaded guilty to the Information charging a violation of 18 U.S.C. § 1341, and agreed to the entry of an order forfeiting (a) the sum of one million four hundred fifty three thousand two hundred three dollars and sixty seven cents ($1,453,203.67) in United States currency (the "Forfeited Money

2

Judgment") and (b) all of the Defendant's right, title and interest in (I) all funds formerly on deposit at Chase Bank, account 694503786265 seized by the U.S. Postal Inspection Service and all funds currently on deposit in said account; (ii) all funds formerly on deposit at Citibank, account numbers 72448920, 32174881, 32174910 and 9957017686, seized by the U.S. Postal Inspection Service; (iii) all funds formerly on deposit at TD Bank, account number 4726356028, seized by the U.S. Postal Inspection Service; (iv) the real property located at 99 John Street, Apt 521, New York, New York (the "John Street Property") and (v) the real property located at 21 South End Avenue, Unit 323, New York, New York ("the South End Avenue Property") (items I through v referred to as the "Forfeited Assets").

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent of all parties, as follows:

1. The Defendant THEOHARIS TOUMAZATOS, hereby agrees to forfeit all of his right, title and interest in the Forfeiture Money Judgment and the Forfeited Assets as property constituting or derived from proceeds of his violation of 18 U.S.C. § 1341 and/or as substitute assets pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461. The net proceeds from the disposal of the Forfeited Assets shall be credited toward the Forfeiture Money Judgment.

3

2. The Defendant shall remit to the government the above referenced forfeiture amount as provided by certified check or bank check made payable to the United States Marshals Service. Within sixty (60) days from the date of the entry of the Defendant's plea of guilty pursuant to this agreement. In the event the Forfeiture Money Judgment is not paid on or before the due date, interest will accrue on the Forfeiture Money Judgement as outlined in the plea agreement. The Defendant shall cause said check to be hand delivered to Assistant United States Attorney Kathleen Nandan, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

3. The Defendant agrees to fully assist the Government in the effectuating the payment of the Forfeiture Money Judgment and the surrender and forfeiture of the Forfeited Assets by, among other things, executing any documents necessary to effectuate the transfer of title to the United States of the Forfeited Assets. The Defendant agrees not to file or interpose any claim or to assist other to file or interpose any claim to any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. Further, the Defendant agrees not to file or interpose any claim or to assist others to file or interpose claim to the Forfeited Assets in any administrative or judicial proceeding. The Defendant also agrees to attempt to effectuate an interlocutory sale of the John Street

4

Property and South End Avenue Property and apply any proceeds of such sale(s) to payment of the Forfeiture Money Judgment. In the event that no such sale(s) are completed by September 30, 2010, however, the Defendant consents to an interlocutory sale of the John Street Property and/or South End Avenue Property conducted by the United States Marshals Service, with net proceeds to be applied toward the Forfeiture Money Judgment.

4.  The United States shall publish notice of this Order, in accordance with the custom and practice in this district, on the official government website www.forfeiture.gov of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Forfeited Assets as substitute for published notice as to those persons so notified.

5.  Any person, other than the Defendant, asserting a legal interest in the Forfeited Assets may, within thirty days or the final publication of notice or receipt of notice, or no later that sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

5

6. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Amended Preliminary Order of Forfeiture shall become final as to the Defendant upon its entry by the Court and shall be made part of the sentence and included in the Forfeiture Money Judgment.

7. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

8. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Amended Preliminary Order of Forfeiture to the United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, Attn: FSA, Paralegal Yvette Ramos.

Dated: Brooklyn, New York
July 6, 2010

HONORABLE ROSLYNN R. MAUSKOPF
UNITED STATES DISTRICT JUDGE