# **BORZOUYE LAW FIRM, P.C.**

**Richard D. Borzouye, Esquire**
14 Wall Street, 20th Floor
New York, NY 10005
Ph (212) 618-1469  Fax (212) 618-1705
Richard@Borzouyelaw.com

___

October 6, 2010

VIA ECF AND BY HAND DELIVERY

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re:    United States v. Theoharis Toumazatos, Case No. 10-CR-0043 (RRM)

Dear Judge Mauskopf:

    As the Court knows, this firm represents Theoharis Toumazatos in the referenced matter.  We write to briefly respond to the Government's September 29, 2010 letter so far as it relates to Mr. Toumazatos' request that this Court amend his PSR to: (1) reflect his current medical condition and the Interferon treatment he is presently undergoing for Hepatitis C – information that is not currently reflected in his PSR; and (2) attach copies of all of his current medical records to the PSR ( including the results of certain lab tests performed after his July 28, 2010 sentencing hearing).[1]  In particular, the Government's letter muddies the waters a bit with regard to the specific relief Mr. Toumazatos seeks.

    <u>First</u>, the Government's letter suggests that Mr. Toumazatos seeks to amend the PSR for the benefit of the Court.  In fact, he seeks to amend the PSR for the benefit of the BOP, which uses the PSR almost exclusively in making designation and CARE Level determinations.[2]

    <u>Second</u>, the Government's letter states that it has "no objection to [Mr. Toumazatos' medical information] being made available to the BOP."  While we appreciate the Government's position, it does not specifically state that it has no objection to attaching a copy of those medical records to Mr. Toumazatos' PSR.  As detailed in his September 28, 2010

___

[1] Mr. Toumazatos will submit a reply memorandum in further support of his September 28, 2010 motion for bail pending appeal upon receipt of the Government's submission concerning same (which is due on October 8, 2010).

[2] The "Legal Resource Guide to the Federal Bureau of Prisons (2008)" provides that "when serious health concerns are an issue in a designation decision . . . a specific institution is designated with attention to the urgency of need; institutional capability; current bed space availability; and security concerns."  Each inmate is assigned a medical "CARE Level, based on his or her medical background as described in the Presentence Report and other available information."

Case 1:10-cr-00043-RRM   Document 59   Filed 10/06/10   Page 2 of 3 PageID #: 440

motion, attaching a full set of Mr. Toumazatos' medical records to his PSR is critical to assuring that: (1) Mr. Toumazatos' CARE Level determination will be based on current and accurate medical information (if bail is not continued pending appeal); (2) Mr. Toumazatos' weekly Interferon treatment will be continued upon surrender to the BOP (if bail is not continued pending appeal); and (3) Mr. Toumazatos will not suffer the potentially severe adverse consequences of Interferon treatment interruption upon surrender to the BOP (if bail is not continued pending appeal).

<u>Third</u>, the Government's states that Paragraph 50 of the PSR need not be amended to include the language we suggested because the information contained in our suggested language was before the Court at sentencing.[3] The Government misses the point. Specifically, and for all of reasons detailed above, it is critical that *the body* of Mr. Toumazatos' PSR include language reflecting his current medical condition and treatment regimen, which has changed substantially since that date that his PSR was issued. Indeed, and contrary to the Government's suggestion, the discussions concerning Mr. Toumazatos' medical condition and Interferon treatment at the sentencing hearing will not be before the BOP when it makes it designation determination.

<u>Finally</u>, as detailed in his September 28, 2010 submission to the Court, enclosed please find additional records relating to Mr. Toumazatos' medical condition (the results of tests performed on September 20, 2010).

Thank you for your attention to this matter.

---

[3] Specifically, we requested that the Court amend Paragraph 50 of Mr. Toumazatos' PSR to include the following language, which is based on the statements of his physician, Anthony M. Borcich, M.D., in a September 22, 2010 letter to the Court:

> In June 2010 the defendant started a course of Interferon treatment, which involves a weekly injection. The defendant's weekly Interferon treatment is scheduled to continue for a minimum additional 40 weeks (and possibly an additional 6 months thereafter depending on his tolerance of treatment). Interrupting the defendant's Interferon treatment – for even one week – could have a serious negative impact on his treatment outcome, including a return of increased viral loads and/or a failed overall treatment cycle (e.g., by allowing drug resistance to develop). According to the defendant's physicians, it is therefore imperative that nothing interfere with the defendant's weekly Interferon treatment for at least the next 40 weeks. Additionally, the defendant is currently suffering many of the typical side-effects of Interferon treatment. Among other things, the defendant has suffered an unusual and severe dystonic reaction (that is, extensive numbing in his lower torso) for which he has sought treatment from a neurologist (as well as needed the use of a wheelchair at times). The defendant quite possibly will require the input of other medical specialists as his Interferon treatment continues.

2

Respectfully submitted,

/s/
_____
Richard Borzouye, Esq.
(Bar code RB3461)

cc: Patrick Sinclair, Esq. (via ECF)
Assistant United States Attorney